IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                                          **CASE NO. 4:02CR44-SPM/AK**

**TAVIUS J. PATTERSON,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 49, Motion to Vacate under 28 U.S.C. § 2255, by Tavius J. Patterson. Defendant pled guilty to possession with intent to distribute more than 50 grams of cocaine base. Docs. 37 & 38. He was sentenced to 240 months imprisonment. Doc. 42. Judgment was entered on April 25, 2003. He did not appeal. The instant motion was filed on June 7, 2005. Defendant's claims are that the Court lacked subject matter jurisdiction and that the indictment failed to allege an offense against the United States. Doc. 49 at 5-6.

## DISCUSSION

Section 2255 provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  "A 1-year period of limitation shall apply to a motion under this section."  *Id*.  The one-year limitations period

> shall run from the latest of–
>
>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.  The pertinent inquiry here involves subsections (1) and (4) only, as none of the other subsections apply.

Because Defendant did not appeal his sentence, his conviction became final ten days after entry of judgment, or May 7, 2003.  *See* Fed. R. App. P. 4(b)(1)(A)(i).  As noted *supra*, Defendant filed the instant motion on June 7, 2005.  Clearly, he did not file the motion within one-year of the date his conviction became final, and therefore, the motion to vacate is untimely under subsection (1).

This does not, however, end the inquiry as Defendant has argued generally that he "was not aware that [he] was convicted on an unconstitutional indictment."  Doc. 49 at 10.  He has not, however, explained why he did not learn of this alleged unconstitutional indictment until over two years after the statute of limitations ran and why he could not have learned of this alleged defect with the exercise of due diligent.  Thus, Defendant is not entitled to relief under subsection (2).

Nevertheless, "in the proper case, § 2255's period of limitations may be equitably tolled." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Id*.

Petitioner's general arguments that was unaware that he had been convicted based on an unconstitutional indictment, Doc. 49 at 10, and that "it's never too late to raise a Jurisdictional Claim," Doc. 49, Memo. at 1, are of no avail. These jurisdictional claims are precisely the types of claims that must be presented on direct appeal or in a timely § 2255 motion, *see Gearing v. United States*, 432 F.2d 1038, 1040 (5th Cir. 1970) (generally, proper method of attacking sufficiency of indictment is by direct appeal; one ground on which § 2255 motion may be predicated is that court which imposed sentence was without jurisdiction to do so), and thus, Petitioner could have attacked the jurisdiction of the Court in the time provided. He certainly has not presented the extraordinary, unavoidable circumstances necessary to equitably toll the statute of limitations.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, Doc. 49, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this __27th__ day of June, 2005.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

*Case No: 4:02cr44-spm/ak*

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**